DORÉ, Judge.
This case arises from a collision between the Chevrolet automobile of plaintiff and the gravel truck of defendant Ortigo, which occurred at about 1:30 p. m. on February 20, 1951 at the intersection of the Airline Highway and the Plank Road in the City of Baton Rouge, Louisiana. Immediately prior to the collision the plaintiff was driving his Chevrolet westward on the Airline Highway and the defendant Ortigo was driving his truck eastward on said highway. As they arrived at the intersection with the Plank Road, Ortigo made a left turn in the path of plaintiff Allen and as a result Allen ran into the truck striking the right rear wheel thereof and causing damages to the Chevrolet automobile in the sum of $345.03. The plaintiff was insured 'by Louisville Fire and Marine Insurance Company against damages caused by collision less deductible and consequently sues in his own behalf for and on behalf of the insurer for $245.03. He sues Ortigo, the driver and owner of the truck and Oscar Hutson, doing business as Hutson Sand & Gravel Company, claiming that Ortigo was in the course and scope of his employment by said Hut-son. The plaintiff claims that the accident was caused solely by the negligence of the defendant, and particularly in the following respects:
“a. Ortigo did not have his automobile under proper control so as to enable him to avoid the collision;
“b. Ortigo was not maintaining and did not maintain a proper lookout, and did not see or observe, or saw and failed to heed, the Chevrolet;
“c. Ortigo made a left turn in front of plaintiff without ascertaining that the way was clear for him to do so;
“d. Ortigo failed to give proper signals;
“e. Ortigo failed to yield to- plaintiff the right of way to which plaintiff was entitled;
*26 “f. Ortigo ran a red light;
“g. Ortigo did not have his truck under proper control;
“h. Ortigo was driving his automobile in a negligent, careless and reckless manner.
each and all of which amount to negligence on the part of Ortigo, the driver of the truck, and proximately caused the collision.”
The defendant Ortigo in his answer admits that the collision occurred hut denies all the other material allegations in plaintiff’s petition and avers that the accident was caused solely by the negligence of plaintiff, particularly in the following respects ;
“a. Plaintiff did not have his automobile under proper control so as to enable him to avoid the collision;
“b. Plaintiff was not maintaining and did not maintain a proper lookout, and did not see or observe, or saw and failed to heed, defendant’s truck;
“c. Plaintiff failed to yield to defendant the right of way to which defendant was entitled;
“d. Plaintiff was driving his automobile at an excessive rate of speed under the conditions existing at the time of the accident;
“e. Plaintiff ran a red light;
“f. Plaintiff did not have his automobile under proper control;
“g. Plaintiff was driving his automobile in a negligent, careless and reckless manner.”
He then assumes the position of plaintiff in reconvention and claims damages to his truck in the amount of $192 and damages for loss of earnings due to loss of use of the truck for two days in the amount of $80, making a total claim in reconvention of $272.
The other defendant, Oscar Hutson, filed an answer in which the collision is admitted but in which the other material allegations of the petition are denied including the allegation that defendant Ortigo, at the time of the collision, was an agent and employee of defendant Hutson and was operating in the course of Hutson’s business.
After trial of the case, the Trial Judge rendered judgment in favor of plaintiff Allen individually and against the defendant Ortigo for the sum of $100 with legal interest from judicial demand and rendered judgment in favor of plaintiff Allen for the use and benefit of Louisville Fire and Marine Insurance Company against defendant Ortigo in the sum of $245.03 with legal interest thereon from judicial demand. He further rendered judgment dismissing the «conventional demand of defendant Ortigo and also dismissed the claim of plaintiff against the defendant Oscar Hutson. The defendant, Ortigo, has appealed.
The only question involved in this case is a question of fact. The version of the accident as related by plaintiff and his witness is irreconcilable with the version of defendant Ortigo and his witnesses. The trial judge has failed to favor us with written reasons for his judgment but obviously he believed the version of plaintiff and did not believe the defendant and his witnesses.
At the situs of the accident there is a traffic light in the center of the intersection. The Airline Highway is a four-lane highway with a neutral ground in the center, two lanes on the north and two lanes on the south and running east and west. Just prior to the accident the plaintiff states he was driving westward on the Airline Highway on the inside lane at a rate of about 50 miles per hour and as he approached the intersection the light was red and consequently he slowed down to about 35 miles per hour and as he had done so and was within a short distance of the intersection the light turned green and that at just about that time he noticed the defendant Ortigo’s truck making a left turn on the Plank Road, a wide two lane paved road running north and south and intersecting with the Airline Plighway; that he thought that the defendant would stop in the neutral ground (about 14 feet wide) and continued to proceed through the green light but that the defendant did *27 not make any stop and when he realized that defendant was going to make the left turn in front of him it was to late for plaintiff to avoid crashing into the truck although he applied his brakes.
The plaintiff is corroborated by witness Waldron, a stranger, who happened to have parked in the outside lane of the Airline Highway going east to await the turning of the light from red to green. He states that while so parked the defendant Ortigo approached the intersection from the left or his inside lane going east and as he arrived at the intersection the light turned green and the truck therefore made the left turn, as set forth by plaintiff, but Waldron’s testimony is that the traffic light was green for east and west traffic and was red for north and south traffic on Plank Road and that the defendant did not wait at the neutral ground for the light to turn green for north and south traffic but kept going directly in the path of plaintiff’s automobile. He states that he, Waldron, had gone only about ten feet when the crash occurred. He also states that plaintiff was driving on the outside lane of the Airline Highway instead of the inside lane as stated by plaintiff.
The defendant testified that as he approached the intersection the light was green and that almost immediately upon negotiating a left turn it turned red for east and west traffic and green for north and south traffic. His testimony is to the effect that he bafely had stopped in the neutral ground before the green light gave him the right of way to proceed across the intersection and that as he did so proceed, the plaintiff kept coming through the red light and crashed into the right rear side of his truck. He claims that he had almost completely crossed the intersection when plaintiff struck the right rear side of his truck in the outside lane of the Airline Highway.
The version of the accident as related by defendant is corroborated by Witnesses Norris J. Robin and Walter E. Neusetzer. Witness Robin states that he was traveling west in the rear of plaintiff’s Chevrolet and that when he was about one hundred or one hundred-fifty yards from the traffic light it was green and that at about that time it turned red and that the plaintiff kept going through the red light and struck the truck. He states that at the time of the collision he must have been over one hundred yards behind the Chevrolet. It may be noted that this witness also operates a gravel truck and apparently he is well acquainted with the defendant Ortigo. Upon being questioned by the court, he testified as follows:
“Q. You said you pulled your car over to the side of the road and stopped. How far was that from where the collision took place? A. About ISO yards, I’d say that much. It is right where the road at the traffic light there where the road turns off to the right. This lane that goes over to the Plank Road, how far that is I don’t know, I am just guessing.”
Witness Neusetzer testified that just prior to the accident he was driving on the Airline Highway going east at a distance of about two blocks to the rear of defendant Ortigo’s truck and that he saw the truck enter the intersection and turn into the neutral ground and that as the light changed to green for north and south traffic, the truck continued through the green light going north on Plank Road. He states: “I never did see the other car until after the accident. I seen this truck; the back end of it swung around, the front end of it was headed east, the back end was headed West, and then the other car I saw it, so I made a left turn before I got to the intersection, and I went and told his wife he had an accident.”
This witness operates a service station and apparently is a friend of defendant Ortigo.
It is obvious that the trial judge accepted the testimony of the plaintiff and the witness Waldron, a total stranger to all parties involved, and did not accept the testimony of the defendant and his two friendly witnesses. We feel that the two witnesses of defendant, besides being obviously friendly with the defendant, were too far away from the situs to actually see what they say they saw. In any event, *28 we can find no manifest error in the conclusion of fact of the trial judge.
As to the quantum of damages, the amount 'allowed by the trial judge is supported by the record.
For these reasons, the judgment appealed from is affirmed.